# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **NINA HALL,** | ) Case No.: |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES** |
| v. | ) **VIOLATION OF THE** |
| | ) **TELEPHONE CONSUMER** |
| **SANTANDER CONSUMER USA,** | ) **PROTECTION ACT, 47 U.S.C.** |
| | ) **§227 ET. SEQ.** |
| Defendant. | ) **JURY TRIAL DEMANDED** |

## COMPLAINT

NINA HALL ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SANTANDER CONSUMER USA ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

- 1 -

PLAINTIFF'S COMPLAINT

3. Defendant regularly conducts business in the Commonwealth of Massachusetts, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6. Plaintiff is a natural person residing in Dorchester, Massachusetts.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at P.O. Box 961245, Fort Worth, Texas 76161.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or around September 2015 and continuing thereafter, Defendant placed repeated telephone calls to Plaintiff's cellular telephone number.

13. Defendant contacted Plaintiff repeatedly and continuously, often calling multiple times per day.

14. Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

15. Plaintiff knew that Defendant was using an automated telephone dialing system because she would receive calls from Defendant that started with either a recorded voice or a noticeable silence or pause before a representative came on the line.

16. Defendant's telephone calls were not made for "emergency purposes" but to collect an account from a third party.

17. Shortly after the calls started, Plaintiff told the Defendant to stop calling her and that they had the wrong number.

18. Defendant heard Plaintiff's instructions to stop calling her and stated they would put her number on their do not call list.

19. Once Defendant was aware that its calls were unwanted and to stop, the Defendant knew or should have known it lacked consent to call.

20. However, on information and belief, Defendant refused to update its records to restrict telephone calls to Plaintiff's cellular telephone, as it continued to call.

21. Defendant continued to call Plaintiff on her cellular telephone, sometimes several times in a day.

PLAINTIFF'S COMPLAINT

22. Plaintiff found Defendant's repeated telephone calls to her cellular phone to be invasive, harassing, annoying, frustrating, and stressful.

23. Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

## **DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

26. Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

27. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

28. After Plaintiff told Defendant to stop calling, Defendant knew or should have known it did not have consent to call, yet willfully and knowingly continued to call Plaintiff's cell phone anyway.

29. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

30. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

31. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

32. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

33. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

34. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, NINA HALL, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, NINA HALL, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

By: /s/ Craig Thor Kimmel
Craig Thor Kimmel, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: kimmel@creditlaw.com

Dated: August 25, 2017

PLAINTIFF'S COMPLAINT